UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:09-CV-419-M

WILLIAM NAPIER                                                    PLAINTIFF

V.

MOORE SECURITY, LLC, et al.                                      DEFENDANTS

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's motion to remand pursuant to 28 U.S.C. § 1447(c).  Fully briefed, the matter is ripe for decision.  For the reasons that follow, Plaintiff's motion is **GRANTED**.

I. BACKGROUND

In the fall of 2007, William Napier was hired as an Assistant Human Resources Manager with Moore Security, LLC.  On January 21, 2008, he was promoted to Human Resources Manager, replacing Mike Flores.  Flores was demoted to Project Manager, allegedly because he had a strained relationship with General Manager, Phyllis Lewis. Napier, in his new position, also began to have problems with Lewis.  He says that Lewis embarrassed and humiliated him numerous times in front of employees, visitors, and clients.  Napier believes Lewis treated him this way because he, like Flores, is black.

Napier informed senior management of his problems with Lewis.  Tim Gritton, the Vice President, assured Napier that Lewis's conduct would be addressed; however,

1

Gritton downplayed Napier's concerns, telling him that Lewis simply had "poor communication and delivery skills." (Complaint, ¶ 26). Lewis's behavior apparently did not change. Napier says that he was eventually compelled to approach his supervisor, Lisa Bray, and inform her that he could no longer work under such conditions and would need to be reassigned or he would resign. He also says that Bray admitted that she thought Lewis's treatment of him was "wrong." (Complaint, ¶ 27). The day after he met with Bray, Napier was called into Gritton's office and was again told that Lewis's conduct would be addressed; he was also told to report directly to Gritton from then on.

Napier says that despite Gritton's assurances, everything stayed the same. He tendered his resignation on May 9, 2008. A few weeks later, on June 2, 2008, he filed a racial discrimination complaint against Moore Security with the Equal Employment Opportunity Commission, claiming that he was constructively discharged because of Lewis's alleged attacks upon him and Moore Security's alleged failure to stop those attacks. He received a right-to-sue letter on February 26, 2009. This action followed on May 26, 2009. The case was subsequently removed from the Jefferson Circuit Court by Defendants on the theory that Napier had fraudulently joined Gritton in an effort to defeat federal jurisdiction. Plaintiff now asks the Court to remand and award him the costs of litigating removal.

## II. STANDARD

At issue in this motion is whether Gritton was fraudulently joined. The burden is on the Defendants to show fraudulent joinder, and as with any dispute over removal all

doubts are resolved in favor of remand. Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 534 (6th Cir. 1999); Alexander v. Elec. Data Sys. Corp., 13 F.3d 940, 949 (6th Cir. 1994).  "To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." Coyne v. Am. Tobacco Co., 183 F.3d 488, 493 (6th Cir. 1999).  "Therefore the question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved. Probus v. Charter Commc'ns, LLC, 234 Fed. Appx. 404, 406-07 (6th Cir. 2007).

Some courts have found that this standard is higher than the standard for succeeding on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) insofar as "the benefit of the doubt given a plaintiff as part of the fraudulent joinder inquiry should be more deferential." Melton v. Merck & Co., Inc., 2006 WL 1543036, *2 (E.D. Ky. 2006) (quoting Little v. Purdue Pharma, L.P., 227 F.Supp.2d 838, 846 (S.D. Ohio 2002); see also Hartley v. CSX Transp., Inc., 187 F.3d 422 (4th Cir. 1999); Batoff v. State Farm Ins. Co., 977 F.2d 848 (3d Cir.1992).  Nevertheless, a court may to some extent look beyond the bare allegations of a complaint and conduct a more searching inquiry to confirm the existence of a colorable claim. Appel v. PACCAR, Inc., 2006 WL 2873434, *1 (W.D. Ky. 2006).

### III. DISCUSSION

Plaintiff argues that the instant case should be remanded with costs because Defendants have failed to prove the fraudulent joinder of Tim Gritton, the non-diverse forum-defendant.  Defendants, on the other hand, contend that removal was proper because Gritton was fraudulently joined, i.e., they claim that there is absolutely no reasonable basis for predicting that liability might be imposed against Gritton on Plaintiff's claims of intentional infliction of emotional distress and unlawful retaliation under the Kentucky Civil Rights Act.

To prevail on a claim of intentional infliction of emotional distress or outrage in Kentucky, a plaintiff must show that: (1) the defendant's conduct was intentional or reckless; (2) the conduct was outrageous and intolerable; (3) there is a causal connection between the conduct and the plaintiff's emotional distress; and (4) the emotional distress suffered by the plaintiff is severe. Gilbert v. Barkes, 987 S.W.2d 772, 777 (Ky. 1999); Kroger Co. v. Willgruber, 920 S.W.2d 61 (Ky. 1996).  The question in this case is whether Napier has alleged facts that *arguably* support a reasonable conclusion that Gritton's conduct was "a deviation from all reasonable bounds of decency and . . . utterly intolerable in a civilized community." Humana of Kentucky v. Seitz, 796 S.W.2d 1, 3 (Ky. 1990).  The Court concludes that he has.

The essence of Napier's outrage claim is that Gritton purposefully failed to stop Lewis's "yelling," "screaming," and "scolding" so that Plaintiff would quit his job and Moore Security would not have to pay him severance. (Complaint ¶¶ 23, 30).  Compared

to other cases in Kentucky, Gritton's alleged misconduct may not seem outrageous. <u>See</u> <u>Stringer v. Wal-Mart Stores, Inc.</u>, 151 S.W.3d 781, 790 (Ky. 2005) (collecting cases). However, discovery as to the nature and extent of the misconduct may change this initial impression.  At this point, it "is not the role of the Court . . . to determine as a matter of law. . . if Plaintiff can prevail . . ." <u>Sprowls v. Oakwood Mobile Homes, Inc.</u>, 119 F. Supp. 2d 694, 697 (W.D. Ky. 2000).  It is enough for the Court to conclude, and it does, that Plaintiff has articulated a colorable basis for his claim. <u>Cf.</u>, <u>e.g.</u>, <u>Wilson v. Lowe's</u> <u>Home Center</u>, 75 S.W.3d 229, 238 (Ky. Ct. App. 2001) (holding that evidence of years of racial remarks by co-workers was sufficient to present an outrage claim to a jury). Accordingly, the Court finds that remand is proper and Defendants' additional arguments are moot.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is **GRANTED**.  Plaintiff's request for costs is **DENIED**.

cc. Counsel of Record